THE STATE, EX REL. STEVERSON, *v.* KNIGHT ET AL.

[Cite as State, ex rel. Steverson, v. Knight (1972), 34 Ohio Misc. 25.]

(No. A-723223—Decided May 10, 1972.)

Common Pleas Court of Hamilton County.

*Messrs. Osborne & Chacksfield,* for relator.
*Mr. Norris Muldrow,* for respondents.

KEEFE, J. This is a mandamus action in which Claude A. Steverson is the relator and the respondents are the present members of the civil service commission of the city of Lincoln Heights, Ohio. Although the exact legal status of the relator from October 21, 1969, to February 6, 1972, is in issue, there is no dispute that he did serve as a police officer of the city of Lincoln Heights during that time. On February 6, 1972, he was discharged and removed by an order of the safety-service director of the city of Lincoln Heights.

On April 11, 1972, the civil service commission took action with respect to Mr. Steverson and the following is the official language from the commission's order:

"The Commission finds you guilty of insubordination

charge of failing to bring the shoe to court. The commis-sion made no disposition on insubordination charge concerning the 38 revolver. All other charges were dismissed.

"It is the order of the Civil Service Commission that Claude A. Steverson be suspended for 35 days without pay. The 35 day suspension shall go into effect as of February 6, 1972, to March 11, 1972.

"It is also ordered by the Civil Service Commission that Claude A. Steverson entitled to return to work on Friday, April 14, 1972, with one month's pay.

"By Order Of The Civil Service Commission."

Relator seeks a peremptory writ of mandamus "directing the respondents, Arvora Knight, Daniel Smiley and Luther T. Lyle, as the civil service commission of the city of Lincoln Heights, Ohio, to include in their decision of 11 April, 1972, such additional orders and directives as may be reasonable and necessary to secure relator's reinstatement as a police officer in the service of said city on and after 14 April, 1972 * * *." (Quotation from relator's prayer.)

On the face of relator's prayer, he is not entitled to a writ of mandamus directing the respondents to take the action prayed for. Lawful official discretion cannot be controlled or limited by the writ of mandamus, and the civil service commission here has discretion whether or not to order the reinstatement of relator as a police officer. 35 Ohio Jurisprudence 2d 269, Mandamus, Section 24. However, the April 11, 1972, order is patently ambiguous in its terms as to what definitive action was taken by the commission on that date. The third paragraph of the order quoted above is especially unclear and lacking in preciseness. The statement of the civil service commission on April 11, 1972, that Claude A. Steverson is "entitled to return to work on Friday, April 14, 1972," while it suggests that he is to resume employment on the indicated date, falls short of a mandate to the appointing authority of the city of Lincoln Heights to return Claude A. Steverson to the city's employment rolls. Mr. Steverson is legally entitled to a clear, definite, unambiguous and specific order

concerning his status as a police officer of the city of Lincoln Heights. To date there has not been such definitive official action.

While this court cannot, as pointed out above, control or limit the official discretion of the civil service commission, it can compel the exercise of the commission's discretion. The commission does not satisfy its legal responsibility when it is not possible to determine from its order whether the commission is finding that relator should be returned to work or his services terminated. Official discretion is not legally exercised when recorded action is impossible of interpretation. Uncertain or equivocal actions of boards or commissions are no actions at all.

During the hearing, there was testimony by the three commission members that at least two meetings had been held by them since April 11, 1972, concerning the status of Claude A. Steverson. However, the commissioners agreed that these meetings were not official and that there has been no official action by the commission since its order of April 11, 1972.

Instead of ordering the commission to take the action prayed for in relator's complaint, which this court has decided it cannot do, this court will order the issuance of a writ of mandamus against the three respondents ordering them forthwith to hold an official meeting, with the secretary of the commission present, to decide officially and record in clear and unmistakable language the present posture of the relator, Claude A. Steverson, with respect to the position of police officer of Lincoln Heights. In using the word "forthwith," this court contemplates that the commission should take the action mandated within three days of the time of the journalized order. Any delay beyond seventy-two hours will be considered by this court as excessive.

At the hearing, there was much testimony and discussion concerning the legal and civil service standing of the relator. In substance, the relator maintains that he is in the classified service of Lincoln Heights and is a permanent employee entitled to all rights and protections of civil serv-

ice employment. The city's position, briefly stated, is that the relator was throughout the term of his employment, at most, a provisional employee and is not now and never has been covered by civil service laws, ordinances, or regulations.

The commission must adopt a clear and unequivocal order about relator's civil service status which heretofore it has not done. The commission will have to decide whether Mr. Steverson is *in* or is *out* of the civil service and so state specifically by an official order. This is also what it must do within the next three days. After the commission's decisions are made, Mr. Steverson then can decide if he is satisfied with them. If the commission orders him reinstated then, it would seem, the appointing authority of the city should comply. If clearly ordered and the reinstatement is not accomplished, a mandamus action against the appointing authority may lie. If Mr. Steverson is dissatisfied with the commission's ultimate determination, it would seem that the direction that Mr. Steverson should take would be an appeal from the order of the civil service commission to the court of common pleas instead of attempting to resort to the extraordinary remedy of mandamus, available only in those cases where relief cannot be otherwise obtained.

*Writ to issue.*